**UNITED STATES of America ex rel. John LITTLEJOHN, H–1144, Petitioner,**

v.

**Alfred T. RUNDLE, Respondent.**

**Misc. No. M–69–427.**

United States District Court
E. D. Pennsylvania.

Nov. 10, 1969.

No appearance for petitioner.

Joseph Musto, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

The relator was convicted of first degree murder in 1961 (Indictment No. 1062, Philadelphia County) and is serving a life sentence. He seeks habeas corpus relief on two grounds: (1) denial of his right of appeal and (2) an incident of possible improper influence on the jury in the course of the trial, and the failure of his counsel to confer privately with him in connection with the incident.

 In state court proceedings under the Post-Conviction Hearing Act, the Pennsylvania Supreme Court agreed that relator's appeal rights had initially been infringed, but, in effect, allowed the relator to appeal *nunc pro tunc,* and

---

proceeded to dispose of all of the issues to the same effect as if an appeal had originally been taken. Commonwealth v. Littlejohn, 433 Pa. 336, 250 A.2d 811 (1969). It is clear that the relator has exhausted his state remedies. It is also clear that the issue of appeal infringement is now moot.

■ In the course of relator's trial for murder, as the jury was being escorted back to its hotel, the driver of a passing taxi-cab shouted, "Not guilty, not guilty!" The incident was promptly brought to the attention of the trial judge, who held a hearing in the absence of the jury. The cab driver was interviewed, and made it clear that his remarks were intended as a joke. Relator's trial counsel expressly declined to ask for the withdrawal of a juror, and, after full discussion of the matter with his counsel, the relator himself expressly declined to request the withdrawal of a juror. It is apparent from the cold record that all concerned were satisfied that the incident was merely an ill-advised prank, and that the jury could not possibly have misunderstood it as anything more serious. After this full and fair hearing, and after a full and fair hearing by the post-conviction hearing judge, the state courts have twice determined that this incident did not deprive relator of a fair trial. It is difficult to understand how any contrary finding could possibly be reached; at any rate, I readily accept the state findings in this regard, and no further hearing in this Court is required.

It is doubtful that this incident could rise to the level of constitutional infringement in any event. However, relator seeks to cast the incident in a constitutional mold by the further contention that his counsel refused to confer privately with him in connection with the incident. It is correct that the entire discussion between relator and his counsel took place in the presence of the court reporter in the course of the trial. Trial counsel testified at the post-conviction hearing that he felt it was advisable to get the entire matter on the record so that no possible misunderstandings could later arise as to what advice he had given, or as to what decision had been reached. I see no error in this. Moreover, there is no suggestion that the relator was in any way prejudiced by the lack of a private consultation on that point at that time.

In short, the state record as a whole makes it clear that (1) there was no interference with a fair trial in the incident itself; (2) in any event, there was a voluntary and intelligent waiver, Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); and (3) the validity of such waiver was in no way impaired by the recording of the colloquy between relator and his counsel. Accordingly, the petition will be denied.